**E-Filed 3/13/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL JACKSON,<br><br>                    Defendant. | Case Number CR 00-20138 JF<br>                         C 05-5195 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>[Re: Docket No. 27] |

Defendant Michael Jackson ("Defendant") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

On May 28, 2002, this Court held a hearing to determine whether Defendant's supervised release should be revoked. On June 10, 2002, the Court revoked supervised release and committed Defendant to the custody of the Bureau of Prisons. On October 4, 2005, Defendant filed an untitled document noting that at the time of commitment the Court recommended that he

---

[1] This disposition is not designated for publication in the official reports.

be permitted to participate in the Bureau of Prisons' 500-hour Residential Drug Awareness Program ("RDAP"). Defendant states that in September 2003, he was transferred to FMC-Devens in anticipation of beginning that program. Defendant is diabetic and requires dialysis, and at the time FMC-Devens was the only facility offering both the RDAP and dialysis. Defendant states that the RDAP has been cancelled at FMC-Devens and that because there now is no facility offering both the RDAP and dialysis, he will not be able to participate in the RDAP. Defendant asserts that if he had been able to participate in the RDAP, he would have been eligible for a reduction of up to one year of his sentence. Defendant states that his mother is in poor health and that he is needed at home to care for her.

Defendant requests that the Court construe his letter request "in whatever manner is appropriate" and grant him relief. Defendant states that this Court imposed a total sentence of twenty-four months with twelve months served concurrent to a term imposed in the Western District of Kentucky and twelve months consecutive to that term. He suggests that this Court could amend its judgment to provide that all twenty-four months run concurrent to the term imposed in the Western District of Kentucky. Alternatively, Defendant suggests that the judgment could be amended to permit assignment to home confinement or compassionate early termination of his prison term.

The Court agreed to construed Defendant's letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] On July 6, 2006, the Government filed its response to the § 2255 motion.

## II. DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Harrison v. Ollison*, 519

---

[2]On November 4, 2005, the Court issued an order granting Defendant thirty days to file a document informing the Court whether he wishes to proceed under § 2255. The order stated that if Defendant did not file such a document, the Court would assume that Defendant wished to withdraw his letter request. On November 22, 2005, Defendant filed a letter with the Court, agreeing to have his previous letter characterized as a § 2255 motion.

F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000)). Upon further review of the record, the Court concludes that the Defendant's letter should be characterized as a § 2241 petition because the letter does not challenge the legality of the sentence.

"[The Ninth Circuit requires], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241" *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). Defendant could have sought relief under 18 U.S.C. § 3582, which provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582. The Court is sympathetic to Defendant's situation. However, there is no evidence that Defendant pursued compassionate release through the Bureau of Prisons prior to sending his letter to the Court. Accordingly, he did not exhaust all other available remedies before seeking relief under § 2241.

### IV. ORDER

For reasons discussed above, Defendant's motion to vacate, set aside or correct sentence is DENIED.

**IT IS SO ORDERED.**

DATED: 3/13/2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  David R. Callaway     david.callaway@usdoj.gov, tracey.andersen@usdoj.gov

3  Joseph F. Landreth
   1233 West Shaw Avenue
4  102
   Fresno, CA 93711-3718
5
   Michael J. Jackson
6  21735-077, Unit J-A, 117L
   FMC-Devens, P.O. Box 879
7  Ayer, Massachusetts 01432

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CR 00-20138 JF, C 05-5195 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)